The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Roberta L. Both

## DEFENDANTS
Holy Redeemer Health Systems a/k/a Holy Redeemer Health Systems, Inc., d/b/a Holy Redeemer Hospital

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Saffren & Weinberg, 815 Greenwood Ave., Ste. 22
Jenkintown, PA 19046; (215) 576-0100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | [x] 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. 623 (Age Discrimination Employment Act)
Brief description of cause:
Age Discrimination during employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 11/17/21
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **9 LONEY STREET, ROCKLEDGE, PA 19046**

Address of Defendant: **1648 HUNTINGDON PIKE, MEADOWBROOK, PA 19046**

Place of Accident, Incident or Transaction: **MONTGOMERY COUNTY, PA**

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **11/17/21** _____ **60643**
Attorney-at-Law / Pro Se Plaintiff           Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.   Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    *(Please specify):* **ADEA (AGE DISCRIMINATION)**

**B.   Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **MARC A. WEINBERG**, counsel of record or pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: **11/17/21** _____ **60643**
Attorney-at-Law / Pro Se Plaintiff           Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERTA L. BOTH<br>9 Loney Street<br>Rockledge, PA 19046<br><br>vs.<br><br>HOLY REDEEMER HEALTH SYSTEMS<br>a/k/a HOLY REDEEMER HEALTH<br>SYSTEMS, INC. d/b/a<br>HOLY REDEEMER HOSPITAL<br>1648 Huntingdon Pike<br>Meadowbrook, PA 19046<br>    and<br>1602 Huntingdon Pike<br>Jenkintown, PA 19046 | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## I.    PRELIMINARY STATEMENT

1. Plaintiff, Roberta Both (hereinafter "Plaintiff") brings this action under the Age Discrimination Employment Act of 1967, 29 U.S.C. §623 *et seq.* ("ADEA"); the Pennsylvania Human Relations Act, 43 P.S. §954 *et seq.* and applicable Pennsylvania common law. Plaintiff seeks equitable relief, compensatory damages, costs and attorney fees from Defendants for Defendants' discriminatory practices and other tortuous actions.

## III.    THE PARTIES

2. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania residing at the above-captioned address.

3. Upon information and belief, Defendant, Holy Redeemer Health Systems, a/k/a and/or d/b/a Holy Redeemer Health Systems, Inc., d/b/a Holy Redeemer Hospital is corporation or business, organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business located in Montgomery County 1648 Huntingdon Pike, Meadowbrook, PA

19046 and 1602 Huntingdon Pike, Jenkintown, PA 19046.

4. At all times relevant hereto, Plaintiff was supervised by Sue Kowalski and Kelly Pressler.

5. At all times relevant hereto Defendant, by and through its employees, including but not limited to Sue Kowalski and Kelly Pressler, was responsible for the hiring and firing of employees, including Plaintiff, at Holy Redeemer Hospital.

## II. JURISDICTION AND VENUE

6. Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331 and 28 U.S.C. §1343.

7. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

8. At all times material hereto, Defendant employed more than fifty (50) employees.

9. At all times material hereto, Defendant was an "employer" as defined by the Age Discrimination Employment Act of 1967, 29 U.S.C. §623 *et seq.* ("ADEA")

10. At all times material hereto, Defendant was an "employer" as defined by §§4 and 5 of the Pennsylvania Human Relations Act, 43 P.S. §954 *et seq.*

11. At all times material hereto, Defendant aided and abetted the interference, discrimination, hostile work environment and harassment that Plaintiff was subjected to during the course and scope of her employment.

12. Plaintiff has complied with all jurisdictional prerequisites and was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission on August 31, 2021, (Attached hereto as Exhibit "A").

## COUNT I
## ROBERTA BOTH V. HOLY REDEEMER HEALTH SYSTEMS a/k/a and/or d/b/a HOLY REDEEMER HEALTH SYSTEMS, INC., d/b/a HOLY REDEEMER HOSPITAL
## VIOLATION OF AGE DISCRIMINARION EMPLOYMENT ACT OF 1767, 29 U.S.C. §623 *et seq.*

11. At all times relevant hereto, Plaintiff was experienced, qualified and able to perform her job duties as a Front Desk Oncology Specialist.

12. At the time of her hiring, Plaintiff was fifty-seven (57) years old.

13. Plaintiff's similarly situated co-workers were in their twenties (20s) and thirties (30s).

14. On or about June 25, 2020, Plaintiff raised concerns with respect to her managers abilities, as well as concerns with other occurrences within the department, which Plaintiff felt were improper.

15. Shortly thereafter, on July 9, 2020, Plaintiff was given a "third and final" written notice with respect to her purported poor conduct.

16. Plaintiff never received any prior notices with respect to her conduct.

17. The conduct that Plaintiff was accused of by the Defendant was false.

18. In fact, upon information and belief, Defendant asked an employee and co-worker of Plaintiff to certify that the employee had witnessed the purported bad conduct of the Plaintiff, which the employee refused to do, as the employee did not witness any bad conduct on the part of the Plaintiff.

19. Following the "third and final" warning, Plaintiff was targeted by the Defendant and employees based upon her age.

20. On or about January 25, 2021, Plaintiff was terminated for pretetxual reasons, related to her age. Plaintiff was fifty-eight (58) at the time of her termination.

21. Following her termination, Plaintiff's position was filled by a significantly younger female.

22. Plaintiff's termination was causally related to her age as she was subjected to a hostile work environment, harassment, retaliation and termination because of her age.

23. Defendant knew or should have known about the aforementioned harassment and hostile work environment to which Plaintiff was subjected during the course of her employment.

24. Defendant failed to take prompt, remedial action to eliminate the aforementioned harassment and hostile work environment to which Plaintiff was subjected during the course of her employment.

25. The discrimination, harassment, hostile work environment, retaliation and termination to which Defendant subjected Plaintiff was intentional, with malice and with reckless indifference.

26. Defendant's reasons for disciplining and/or terminating Plaintiff were pretextual to obscure Defendants' discriminatory animus and purpose.

27. During the course and scope of Plaintiff's employment, she was subjected to ongoing antagonism as a result of her age.

28. The conduct of Defendants' treatment of Plaintiff in her employment and termination violated The Age Discrimination in Employment Act of 1967, 29 U.S.C. 623 *et seq.*, as Plaintiff's termination from employment was based on her age of over forty (40) years old.

WHEREFORE, Plaintiff, Roberta Both, seeks a determination that Defendant, Holy Redeemer Health Systems, a/k/a and/or d/b/a Holy Redeemer Health Systems, Inc., d/b/a Holy Redeemer Hospital, violated the Age Discrimination Employment Act of 1967, 29 U.S.C. §623 *et seq.* and requests all damages and relief permitted under the Act, including but not limited to: back

pay and front pay; equitable relief; injunctive relief included but not limited to barring future discriminatory conduct; attorney's fees, expert fees, costs and expenses; punitive damages, and such further relief as this Court deems just and fair.

**COUNT II**
**ROBERTA BOTH V. HOLY REDEEMER HEALTH SYSTEMS a/k/a and/or d/b/a**
**HOLY REDEEMER HEALTH SYSTEMS, INC., d/b/a HOLY REDEEMER HOSPITAL**
**<u>VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT 33 PS 955, ET SEQ.</u>**

29. Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein.

30. Defendants discriminated against Plaintiff because age.

31. Defendants discriminated against Plaintiff in the terms, conditions and privileges of her employment as Defendants allowed, fostered and subjected Plaintiff to harassment, hostile work environment and retaliation on the premises of Holy Redeemer Hospital, as set forth above.

32. At all times material hereto, the aforementioned harassment was unwelcome.

33. At all times material hereto, the aforementioned harassment was severe and pervasive.

34. At all times material hereto, the aforementioned harassment unreasonably altered the condition of Plaintiff's employment and created a hostile work environment.

35. Plaintiff's termination was causally related to age.

36. Defendant knew or should have known about the aforementioned harassment and hostile work environment to which Plaintiff was subjected during the course of her employment.

37. Plaintiff's age was used by Defendants as a negative factor in Defendants' decision to terminate Plaintiff.

38. Defendant's reasons for disciplining and/or terminating Plaintiff were pretextual to obscure Defendant's discriminatory animus and purpose.

39. During the course and scope of Plaintiff's employment, she was subjected to ongoing antagonism as a result of her age.

40. The conduct of Defendants' treatment of Plaintiff in her employment, termination and retaliation violated the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*, as Plaintiff's harassment, hostile work environment, retaliation and discharge from employment was based upon her age.

WHEREFORE, Plaintiff, Roberta Both, seeks a determination that Defendant, Holy Redeemer Health Systems, a/k/a and/or d/b/a Holy Redeemer Health Systems, Inc., d/b/a Holy Redeemer Hospital, violated the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*, and requests all damages and relief permitted under the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*, including but not limited to: back pay and front pay; equitable relief; injunctive relief included but not limited to barring future discriminatory conduct; attorney's fees, expert fees, costs and expenses; punitive damages, and such further relief as this Court deems just and fair.

Respectfully submitted,
SAFFREN & WEINBERG

BY: _____
MARC A. WEINBERG, ESQUIRE
Pa. Atty. I.D. No.: 60643
815 Greenwood Ave., Ste. 22
Jenkintown, PA 19046
P: (215) 576-0100
mweinberg@saffwein.com

Dated: 11/17/21

# EXHIBIT A

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Roberta L. Both
9 Loney Street
Rockledge, PA 19046

From: Philadelphia District Office
801 Market Street
Suite 1000
Philadelphia, PA 19107

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2021-04432 | Legal Unit, Legal Technician | (267) 589-9707 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

*Dana R. Hutter* (signature)
Dana R. Hutter,
Deputy Director

**8/31/2021**
*(Date Issued)*

cc:
Joesph Cassidy
Vice President/ Human Resources
HOLY REDEEMER HOSPITAL
1648 Huntingdon Pike
Meadowbrook, PA 19046

Robert P. Maizel, Esq.
SAFFREN & WEINBERG
815 Greenwood Ave
Suite 22
Jenkintown, PA 19046